COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Joshua A. Dowling, Esq.
Nevada Bar No. 12956
jdowling@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TAWNDRA L. HEATH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC., a Pennsylvania corporation; DOE Individuals 1–10; and ROE Corporations 11–20;<br><br>Defendant. | Case Number<br>2:17-cv-02869-GMN-PAL<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT AND ADD PARTIES** |

Plaintiff, Tawndra L. Heath, by and through her counsel, Jamie S. Cogburn, Esq. and Joshua A. Dowling, Esq. of Cogburn Law Offices, and Tristar Products, Inc., by and through their counsel, Alexandria L. Layton, Esq. of Snell & Wilmer, LLP, hereby stipulate to allow Plaintiff to file a First Amended Complaint and add Zhongshan Jinguang Household Appliance Manufacture Co., Ltd., as a defendant in this matter.

. . .

. . .

. . .

A copy of Plaintiff's proposed Amended Complaint is attached hereto as **Exhibit "1"**.

Dated this 23rd day of February, 2018.        Dated this 22 day of February, 2018.

**COGBURN LAW OFFICES**                        **SNELL & WILMER**

By: _____                    By: _____
Name: Jamie S. Cogburn, Esq.                   Name:   Alexandria L. Layton, Esq.
      Nevada Bar No. 8409                              Nevada Bar No. 14228
      Joshua A. Dowling, Esq.                          3883 Howard Hughes Parkway, Suite 110
      Nevada Bar No. 12956                             Las Vegas, Nevada 89169
      2580 St. Rose Parkway, Suite 330
      Henderson, Nevada 89074
Title: Attorneys for Plaintiff                 Title:  Attorneys for Defendants

## ORDER

IT IS SO ORDERED.

IT IS FURTHER ORDERED that plaintiff shall separately file the Amended complaint attached as Exhibit 1 no later than March 5, 2018,

Dated: March 2, 2018 _____

_____
FEDERAL COURT JUDGE

Respectfully submitted by:

COGBURN LAW OFFICES

By: _/s/Joshua A Dowling_
    Jamie S. Cogburn, Esq.
    Nevada Bar No. 8409
    Joshua A. Dowling, Esq.
    Nevada Bar No. 12956
    2879 St. Rose Parkway, Suite 200
    Henderson, Nevada 89052
    *Attorneys for Plaintiff*

# Exhibit 1

COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Joshua A. Dowling, Esq.
Nevada Bar No. 12956
jdowling@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TAWNDRA L. HEATH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC., a Pennsylvania corporation; ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, a foreign corporation; DOE Individuals 1–10; and ROE Corporations 11–20;<br><br>Defendants. | Case Number<br>2:17-cv-02869-GMN-PAL<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff, Tawndra L. Heath, by and through counsel of record, Cogburn Law Offices, alleges as follows:

///

///

///

///

Page 1 of 8


## PARTIES, JURISDICTION, VENUE

1. At all times relevant hereto, Plaintiff Tawndra L. Heath ("Plaintiff") is an individual who was, and continues to be, a resident in Nevada in the County of Clark.

2. At all times relevant hereto and upon information and belief, Defendant Tristar Products, Inc. ("Tristar") was, and continues to be, a Pennsylvania corporation doing business in Nevada in the County of Clark.

3. At all times relevant hereto and upon information and belief, Defendant Zhongshan Jinguang Household Appliance Manufacturer Co., Ltd., was, and continues to be, a foreign corporation doing business in Nevada in the County of Clark.

4. Defendants named, referenced or designated herein as Doe Individuals 1–10 and Roe Corporations 11–20 are individuals or other business entities of any form whose true names and capacities are unknown to Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, each of these Defendants is responsible in some manner for the events and happenings referred to and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein. At the time of the incident giving rise to this Complaint, these unknown Defendants conducted business in Nevada in the County of Clark. Plaintiff will seek leave to amend this Complaint as the true identities of these individuals become known.

5. All of the acts and occurrences giving rise to this action took place in Clark County, Nevada.

6. Nevada courts hold personal jurisdiction over Defendants pursuant to its purposeful contacts with the State of Nevada.

7. Venue in the Eighth Judicial District Court in and for the County of Clark, State of Nevada, is proper pursuant to NRS 13.040.

///

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

9. **On or about November 20, 2014, Deborah Gray purchased a Power Pressure Cooker XL, Model No. PPC770 ("Pressure Cooker") on-line, which was sold and distributed by Defendant Tristar.**

10. **Upon information and belief, the Pressure Cooker was manufactured by a foreign corporation, Zhongshan Jinguang Household Appliance Manufacture Co., Ltd.**

11. The purchase of the Pressure Cooker was made online from the Power Pressure Cooker XL website, http://www.powerpressurecooker.com/.

12. As a result of a malfunction of the Pressure Cooker, Plaintiff sustained severe burns.

13. At all materials times, Defendants by and through their agents, servants, workers, and/or employees, designed, manufactured, sold, distributed, modified, and/or assembled the subject Pressure Cooker, and these Defendants distributed, advertised, and sold these pressure cookers for general use by the public, including the Plaintiff.

14. When Defendants sold and/or distributed the Pressure Cooker, it was expected to and did reach its eventual consumer, without substantial change in its condition.

15. At the time of the sale and distribution of the Pressure Cooker by Defendants, it was in a defective condition, which defect was the proximate cause of the injuries and damages sustained by Plaintiff, and for which Defendants are strictly liable.

16. Plaintiff did not change or alter the condition of the Pressure Cooker from the time of its purchase until the accident occurred on or about December 29, 2016.

///

///

///

## FIRST CAUSE OF ACTION

### (Negligence Against Defendants)

17. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

**18. Tristar and Zhongshan Jinguang Household Appliance Manufacture Co., Ltd., ("Defendants"), respectively, were negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Pressure Cooker.**

19. Defendants owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

20. Defendants failed to take reasonable care in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the Pressure Cooker at a time when there were safer alternative designs available to Defendants. These acts and omissions, taken simultaneously or in combination, were a legal cause of Plaintiff's injuries and damages.

21. The Pressure Cooker was defective in that it failed to conform to safe product design and specifications of such pressure cookers, and its defective design failed to prevent the sudden and unexpected explosion of scalding hot liquids when used by the consumer according to the product's instructions.

22. The Pressure Cooker was defective and unreasonably dangerous because there was a lack of adequate warnings, notices, and/or instructions that the product could explode despite being unplugged, properly vented, and opened without force. The Pressure Cooker was also defective and unreasonably dangerous because it was manufactured from materials that were not suitable for this type of product and operation/use of the product under the reasonably anticipated conditions of consumer use. Each of these defects are independent proximate causes of Plaintiff's injuries and damages.

23. Defendants failed to exercise reasonable care in determining the accuracy of information to Plaintiff and failed to exercise reasonable care in communicating untrue information regarding the safety and functionality of the Pressure Cooker, upon which Plaintiff relied.

24. The specific negligent manufacturing or design on the part of Defendants rests in facts that are within the knowledge of Defendants. Plaintiff further relied on the doctrine of Res Ipsa Loquitor. Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not happen in the absence of Defendants' negligence and that the design and manufacture of the Pressure Cooker was within the exclusive control of Defendants at the time the negligence occurred.

25. Plaintiff had no control over the method or manner in which the product was designed, manufactured, or cautioned and it came to Plaintiff's possession in the same condition it was in when it left the control of Defendants.

26. Defendants were negligent in the design or manufacturing of the Pressure Cooker, which negligence was the proximate cause of the injuries and damages sustained by Plaintiff.

27. As a direct and proximate result of the aforementioned negligence of Defendants, Plaintiff suffered permanent bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**SECOND CAUSE OF ACTION**

**(Breach of Warranty Against Defendants)**

28. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

29. The defect in the Pressure Cooker does not conform to the merchantable condition impliedly represented by Defendants at the time that the Pressure Cooker was sold and received by Plaintiff.

30. Defendants impliedly warranted to the public generally and to Plaintiff specifically that the Pressure Cooker was of merchantable quality. Defendants were merchants with respect to the Pressure Cooker and the Pressure Cooker was not merchantable as warranted.

31. Defendants impliedly warranted to the public generally and to Plaintiff specifically that the Pressure Cooker was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. Defendants knew, or reasonably should have known, of the purpose for which Plaintiff purchased the Pressure Cooker, that Plaintiff was relying on Defendants' skill and judgment to select and furnish a suitable product, and that the Pressure Cooker was unfit for the purpose for which it was intended to be used. Defendants' respective breaches of warranty, taken singularly or in combination, were a legal cause of the Plaintiff's injuries and damages.

32. As a direct and proximate result of the aforementioned breaches of warranty, Plaintiff suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

### THIRD CAUSE OF ACTION

**(Strict Products Liability Against Defendants)**

33. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

34. Defendants designed, researched, developed, manufactured, tested, advertised, promoted, marketed sold, and/or distributed the Pressure Cooker. The Pressure Cooker, as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed by Defendants was in an unsafe, defective, and unreasonably dangerous condition which was hazardous to users. The Pressure Cooker was in this unsafe condition at the time it left Defendants' possession.

35. The Pressure Cooker was expected to, and did, reach the usual consumers (including Plaintiff), handlers, and persons coming into contact with the Pressure Cooker without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Defendants.

36. Plaintiff was injured while using the Pressure Cooker for its intended purpose, in accordance with the instructions that accompanied the product, and in a manner foreseeable to Defendants.

37. However, the Pressure Cooker failed to perform as safely as an ordinary consumer would reasonably expect.

38. Defendants' failure to design, manufacture, market, and sell a safe pressure cooker was the proximate cause of Plaintiff's injuries and damages.

39. Additionally, as a direct and proximate result of Defendants' placement of the defective Pressure Cooker into the stream of commerce, Plaintiff suffered permanent, catastrophic bodily injuries, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, if any. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

40. Defendants knew or should have known that the Pressure Cooker was defective and unsafe, especially when used in the form and manner they intended and demonstrated.

41. Defendants had a duty to design, manufacture, market, and sell a product that was not unreasonably dangerous for its normal, intended use.

42. Defendants knew or should have known that the Pressure Cooker was defective and unsafe, and with this knowledge, Defendants voluntarily designed, manufactured, marketed, and sold their products in a defective condition for use by the public. Because Defendants designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold and distributed a defective product, which when used in its intended or reasonably foreseeable manner, created an unreasonable risk to consumers and to Plaintiff, Defendants are strictly liable for the injuries Plaintiff sustained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment of this Court as follows:

1. General damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Medical and incidental expenses which Plaintiff has incurred and as may yet incur;

3. Attorney fees, costs of suit, pre-judgment interest, post-judgment interest; and

4. Such other and further relief as is just and proper.

Dated this 15th day of February, 2018.

COGBURN LAW OFFICES

By: /s/*Joshua A. Dowling*
    Jamie S. Cogburn, Esq.
    Nevada Bar No. 8409
    Joshua A. Dowling, Esq.
    Nevada Bar No. 12956
    2580 St. Rose Parkway, Suite 330
    Henderson, Nevada 89074
    Attorneys for Plaintiff