# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAWNDRA L. HEATH,<br><br>　　　　　Plaintiff,<br>v.<br>TRISTAR PRODUCTS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:17-cv-02869-GMN-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 47) |

This matter is before the court on Plaintiff Tawndra L. Heath's Motion to Seal (ECF No. 47). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The Motion seeks leave to file under seal all 12 exhibits submitted in support of Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 46):[1]

- Exhibit 1: Plaintiff's First Set of Requests for Production of Documents to Defendant Tristar;
- Exhibit 2: Email Correspondence from Plaintiff's Counsel, Joshua Dowling, Esq. to Defendant Tristar's Counsel, Michael Lopes, Esq, dated March 20, 2018 and March 28, 2018, respectively;
- Exhibit 3: Defendant Tristar's Responses to Plaintiff's First Set of Requests for Production of Documents;
- Exhibit 4: Email Correspondence between Defendant Tristar's Counsel, Alexandria Layton, Esq. and Plaintiff's Counsel, Joshua A. Dowling, Esq., dated from March 26, 2018 through April 22, 2018;
- Exhibit 5: Correspondence from Defendant Tristar's Counsel, Alexandria Layton, Esq. to Plaintiff's Counsel, Joshua Dowling, Esq. dated June 12, 2018;
- Exhibit 6: Email Correspondence between Defendant's Tristar's Counsel, Alexandria Layton, Esq., dated March 26, 2018 through June 18, 2018;
- Exhibit 7: Email Correspondence between Defendant Tristar's Counsel, Alexandria Layton, Esq. and Plaintiff's Counsel, Joshua Dowling, Esq. from March 26, 2018 through June 19, 2018;

---

[1] The Motion states, "Plaintiff *will file* the exhibits that Defendant has marked as confidential under seal." Mot. at 2 (emphasis added). However, all 12 exhibits were filed on the public docket with the Motion.

1

- <u>Exhibit 8</u>: Correspondence from Defendant Tristar's Counsel, Alexandria Layton, Esq. to Plaintiff's Counsel, Joshua Dowling, Esq. regarding Defendant Tristar's Supplemental Responses to Plaintiff's Requests for Production of Documents, dated June 22, 2018;
- <u>Exhibit 9</u>: Consumer Complaint, Bates Stamp Nos. HEATHTRISTAR0000611-612, dated August 18, 2016;
- <u>Exhibit 10</u>: Inspection and Testing Report, Bates Stamp Nos. HEATHTRISTAR00000730-731; HEATH-TRISTAR00001880-1882; HEATH-TRISTAR00002932-2934; HEATH-TRISTAR0000612; HEATH-TRISTAR00000608; HEATH-TRISTAR00000653, HEATH-TRISTAR00001681; HEATH-TRISTAR00001936-1937, and HEATH-TRISTAR00002271-2272;
- <u>Exhibit 11</u>: Owner's Manual for Power Pressure Cooker PPC770, Bates Stamp Nos. HEATH-TRISTAR00004562-4581; and
- <u>Exhibit 12</u>: Plaintiff's Proposed Second Amended Complaint.

Plaintiff asserts that good cause exists for sealing the 12 exhibits because Defendant TriStar Products, Inc. ("TriStar") has designated such documents "confidential" and the court entered the parties' Stipulated Protective Order (ECF No. 34). Quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002), Plaintiff claims, "when a district court grants a protective order to seal documents during discovery, 'it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discove1y against the need for confidentiality'."

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party who designates documents confidential is required to meet the standards articulated by the Ninth Circuit in *Kamakana* to overcome the presumption of public access to judicial records, motions, and exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (legal standard applied to sealing requests turns on the relevance of the documents to the substantive merits of a case—not on the relief sought). Under *Kamakana* and its progeny, a party must make a particularized showing to overcome the presumption of public accessibility. 447 F.3d at 1178–79.

Stipulated protective orders typically require the parties to file documents under seal when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993). However, such orders alone do not justify sealing court records. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir.

2

1  2003) (noting that reliance on a blanket protective order, without more, will not make a showing
2  of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992)
3  (explaining that blanket stipulated protective orders are over inclusive by nature and do not include
4  a finding of "good cause"). Blanket protective orders are designed to facilitate discovery
5  exchanges; they do not provide a finding that any specific documents are secret or confidential to
6  overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the
7  hazard of stipulated protective orders," and noting they often "purport to put the entire litigation
8  under lock and key without regard to the actual requirements of Rule 26(c)").

Because a blanket protective order does not contain a particularized finding to keep any specific document confidential, the mere fact that a court has entered a blanket protective order, and that a party has designated a document confidential pursuant to that protective order, does not establish cause for sealing a particular document. *Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 475–76. The party designating any document(s) as confidential must submit a memorandum of points and authorities presenting articulable facts that identify the interests in favor of the documents' continued secrecy and showing that those specific interests outweigh the public's interests in transparency. The mere fact that one party designated information as confidential under a protective order does not satisfy this standard.

Plaintiff may not simply rely on the Stipulated Protective Order (ECF No. 34) to justify sealing documents filed in the record under seal. The court entered the stipulated protective order to facilitate discovery disclosures. The parties did not show and the court did not find that any specific document was secret, confidential or entitled to be filed under seal. The court appreciates that the Motion was filed to comply with Plaintiff's counsel's obligation to abide by the stipulated protective order. However, a statement that the court has already has determined that good cause exists based upon entry of the stipulated protective order is legally incorrect, and does not establish good cause for sealing the subject documents.

Additionally, only those portions of the exhibits that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, should be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th

Cir. 2011); *Foltz*, 331 F.3d at 1137.  The remainder of the motion and/or other exhibits that do not contain confidential information, should remain publicly-accessible documents.  Here, it does not appear that Plaintiff's counsel attempted to narrowly tailor the sealing request as the Motion seeks leave to file the entirety of all 12 exhibits under seal.  Only two of the 12 exhibits appear to be designated as "confidential" by TriStar, Exhibits 9 and 10.  Additionally, Plaintiff's sealing request includes the proposed second amended complaint, which is not a discovery document.  Neither the original Complaint (ECF No. 1-1) nor the First Amended Complaint (ECF No. 17) were filed under seal. Plaintiff provides no explanation for the request to seal the proposed second amended complaint.

The court will allow Plaintiff's exhibits to be sealed temporarily so the parties and their counsel may confer about what, if any, portions of the should be sealed.  The party who designates a particular document confidential is required to meet the standards articulated in *Kamakana* and its progeny.  If the designating party determines a filing or portion thereof should remain sealed, that party will be required to file an appropriate memorandum of points and authorities on or before **October 2, 2018**, making a particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and its progeny, any memorandum of points and authorities or motion to file under seal must set forth either good cause or compelling reasons to support the sealing request.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall SEAL the Exhibits (ECF Nos. 46-1 to 46-12) attached to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 46).
2. Exhibits (ECF Nos. 46-1 to 46-12) shall remain under seal until **October 4, 2018**.
3. With respect to filing documents under seal, the parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, and (iii) the appropriate CM/ECF filing procedures.
4. The parties shall have until **October 4, 2018**, to CONFER about what, if any, portions of the exhibits should remain sealed and FILE either: (i) an appropriate memorandum

4

of points and authorities indicating the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing.

5. To support any sealing request, the *memorandum of points and authorities* must make a *particularized* showing why the document(s) or redacted portion thereof should remain under seal. The memorandum may also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version of the filing.

6. Any party asserting confidentiality must file a memorandum of points and authorities on or before **October 4, 2018**. If no memorandum of points and authorities is timely filed in compliance with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 20th day of September, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE