Vaughn A. Crawford
Nevada Bar No. 7665
Alexandria L. Layton
Nevada Bar No. 14228
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
vcrawford@swlaw.com
alayton@swlaw.com

Michael John Lopes (*Admitted Pro Hac Vice*)
GORDON & REES
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 453-0752
mlopes@grsm.com

*Attorneys for Defendant
Tristar Products, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAWNDRA L. HEATH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC., a Pennsylvania corporation; ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD., a foreign corporation; DOE Individuals 1 – 10; and ROE Corporations 11 – 20;<br><br>Defendants. | CASE NO. 2:17-cv-02869-GMN-PAL<br><br>**JOINT MOTION TO MODIFY AUGUST 2, 2018 PRETRIAL SCHEDULING ORDER** |

Plaintiff Tawndra L. Heath ("Plaintiff") by and through her counsel, Joshua A. Dowling, Esq. of Cogburn Law Offices, and Defendant Tristar Products Inc., by and through its counsel. Alexandria L. Layton of Snell & Wilmer L.L.P. and Michael Lopes, Esq. of Gordon & Rees LLP (collectively the "Parties") hereby move for an order modifying the August 2, 2018 Scheduling Conference Order. Specifically, the Parties move to continue the expert disclosure deadlines by thirty (30) days.

This motion is made pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 16(b)(4), and is based on the grounds that good cause exists for the court to consent to continue discovery related deadlines. The Parties in this action require additional time to attempt to resolve this matter without the need of incurring additional expenses for experts.

DATED this 2nd day of October, 2018.

**GORDON & REES LLP**

By: */s/ Michael J. Lopes*
Michael J. Lopes (*Admitted Pro Hac Vice*)
One Battery Park Plaza, 28th Floor
New York, NY 10004

*Attorneys for Defendant*
*Tristar Products Inc.*

**SNELL & WILMER L.L.P**

By: */s/ Alexandria L. Layton*
Vaughn A. Crawford
Alexandria L. Layton
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant*
*Tristar Products Inc.*

**COGBURN LAW OFFICES**

By: */s/ Joshua A. Dowling*
Joshua A. Dowling
2580 St. Rose Parkway, Suite 330
Henderson, NV 89074

*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Parties hereby move jointly to modify the Court's August 2, 2018 Pretrial Scheduling Order, pursuant to FRCP, Rule 16(b)(4). Good cause exists for the Court to consent to continue expert disclosure deadlines. On September 21, 2018, the Parties completed the deposition of Plaintiff. The Parties now are attempting to negotiate settlement in good faith and wish to explore the possibility of settlement without incurring significant expert fees for the preparation of expert reports. Good cause, therefore, exists to modify the Court's August 2, 2018 Pretrial Scheduling Order and continue deadlines for expert disclosure by thirty (30) days. Specifically, it is respectfully requested that the Court continue the deadline to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2) from October 17, 2018 to November 16, 2018 and the date to disclose rebuttal experts from November 16, 2018 to December 17, 2018.

### II. LEGAL ANALYSIS

#### A. Legal Standard for Modification of Scheduling Order.

Pursuant to FRCP, Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." A district court has "broad discretion in supervising the pretrial phase of litigation," and orders entered by the court before the pretrial conference may be modified upon a showing of good cause. *See Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992) (citing *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

Rule 16(b)'s "good cause" standard primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609. A pretrial scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Federal Rule of Civil Procedure 16 advisory committee notes (1983 amendment). Factors to be considered when evaluating the diligence of the party seeking a modification of a pretrial order based on Rule 16(b)'s "good cause" standard. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. 1999).

/ / /

/ / /

A movant may be required to show:

(1) that she was diligent in assisting the Court in creating a workable Rule 16 order [citation omitted]; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference [citation omitted]; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order [citation omitted].

*Id.* The Parties have been diligent in assisting the Court in creating a workable order, in attempting to comply with the order, and in seeking amendment of the order. Thus, good cause exists to modify this Court's scheduling order.

**B.     Good Cause Exists in This Case to Modify the Scheduling Order.**

In applying the foregoing factors to the instant matter, first, the Parties were diligent in assisting this Court in making a workable order. The Parties participated in timely filing a Joint Discovery Stipulation on June 29, 2018. The Court entered a revised discovery schedule on August 2, 2018. Through informal discussions between the Parties, they now wish to discuss the possibility of settlement with their clients, but it is anticipated that these negotiations may not be completed before October 17, 2018 – the deadline for expert disclosures.

Second, the Parties have diligently been conducting discovery in this case. The Parties have propounded and responded to numerous written discovery requests and have completed the deposition of the Plaintiff which took place on September 21, 2018. However, despite diligent efforts, the Parties anticipate that the October 17, 2018 expert deadline may not be able to be complied with given the substantive conversations between the Parties regarding potential resolution of this action. The Parties now seek an additional thirty (30) days in order to explore potential resolution before incurring significant expenses associated with expert witnesses.

Additionally, the Parties have diligently met and conferred for several weeks to schedule the depositions and exchange discovery. The Parties have been amicable throughout discovery and the request for extension of the expert disclosure deadlines will not impact any other dates in the August 2, 2018 order except for the deadline for disclosure of rebuttal experts. There is no trial date for this action.

Lastly, applying the aforementioned factors, the Parties have been diligent in seeking amendment of the Court's Scheduling Order once it became apparent that the October 17, 2018 deadline for expert disclosures may be unworkable. Upon realizing this and through constant discussions about this matter and potential resolution, the Parties promptly conferred and discussed the present relief sought herein.

### III. CONCLUSION

For the foregoing reasons, good cause exists and the Parties respectfully request jointly that this Court modify its August 2, 2018 Pretrial Scheduling Order, and continue the deadline to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2) from October 17, 2018 to November 16, 2018 and the date to disclose rebuttal experts from November 16, 2018 to December 17, 2018.

DATED this 2nd day of October, 2018.

**GORDON & REES LLP**

By: */s/ Michael J. Lopes*
Michael J. Lopes (*Admitted Pro Hac Vice*)
One Battery Park Plaza, 28th Floor
New York, NY 10004

*Attorneys for Defendant*
*Tristar Products Inc.*

**SNELL & WILMER L.L.P**

By: */s/ Alexandria L. Layton*
Vaughn A. Crawford
Alexandria L. Layton
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant*
*Tristar Products Inc.*

**COGBURN LAW OFFICES**

By: */s/ Joshua A. Dowling*
Joshua A. Dowling
2580 St. Rose Parkway, Suite 330
Henderson, NV 89074

*Attorney for Plaintiff*

**IT IS SO ORDERED** this 17th day of October, 2018.

_____
Peggy A. Leen
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **JOINT MOTION TO MODIFY AUGUST 2, 2018 PRETRIAL SCHEDULING ORDER** by the method indicated below and addressed to the following:

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

| | |
|---|---|
| Jamie S. Cogburn, Esq.<br>Joshua A. Dowling, Esq.<br>**Cogburn Law Offices**<br>2580 St. Rose Parkway, Suite 330<br>Henderson, NV 89074<br>(702) 748-7777<br>(702) 966-3880 fax<br>jsc@cogburnlaw.com<br>jdowling@cogburnlaw.com<br><br>*Attorneys for Plaintiff* | Pete C. Wetherall, Esq.<br>**Wetherall Group, LTD**<br>9345 W. Sunset Road, Suite 100<br>Las Vegas, NV 89148<br>(7020 838-8500<br>pwetherall@wetherallgroup.com<br><br>*Attorneys for Plaintiff* |
| Michael John Lopes, Esq.<br>**Gordon & Rees**<br>One Battery Park Plaza, 28th Floor<br>New York, NY 10004<br>(212) 453-0752<br>mlopes@hinshawlaw.com<br><br>*Co-Counsel for Defendant<br>Tristar Products, Inc.* | |

DATED this 2nd day of October, 2018.     */s/ Julia M. Diaz*
                                           An Employee of Snell & Wilmer L.L.P.