**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TAWNDRA L. HEATH,

        Plaintiff,

vs.

TRISTAR PRODUCTS, INC., a Pennsylvania Corporation; ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD., a foreign corporation;

        Defendants.

Case No.: 2:17-cv-2869-GMN-BNW

**ORDER**

Pending before the Court is the Emergency Motion to Compel Witness, (ECF No. 161), filed by Plaintiff Tawndra Heath ("Plaintiff"). Defendant Tristar Products, Inc. ("Tristar") and Zhongshan Jinguang Household Appliance Manufacture Co., Ltd. (collectively, "Defendants") filed a Response, (ECF No. 170). Plaintiff filed a Reply, (ECF No. 186). For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Compel.

## I.   BACKGROUND

This case arises from injuries that Plaintiff suffered when the lid of her Power Pressure Cooker, Model No. PPC770 (the "Cooker")[1] allegedly exploded open after she used it to prepare corned beef brisket. (Sec. Am. Compl. ¶¶ 4–20, ECF No. 62); (Dep. Tawndra Heath 31:16–33:20, Ex. C to Mot. in Limine ("MIL"), ECF No. 82-3). This Order concerns Plaintiff's pretrial Emergency Motion to Compel.

---

[1] The Cooker has three main components: a base, a removable inner pot, and a lid. (MSJ 4:12–20, ECF No. 78). "The lid has an internal circumferential gasket, two valves, and set of metal locking tabs." (*Id.*).

## II. DISCUSSION

Plaintiff requests two forms of relief in its Motion to Compel: (1) that the Court compel Alejandro Lozano ("Mr. Lozano") and Astrid Hunton ("Ms. Hunton") to testify as witnesses in Plaintiff's case-in-chief; and (2) that the Court allow Plaintiff to amend the Joint Pretrial Order ("JPTO") to list both Mr. Lozano and Ms. Hunton (collectively, "the witnesses") under Section VIII(a). (Mot. Compel 3:20–24, ECF No. 161). Alternatively, Plaintiff requests that the Court order the two witnesses to testify via live video for both Plaintiff's case-in-chief and Defendants' case-in-chief. (*Id*. 4:1–2). The Court first addresses whether it may compel the witnesses to testify at trial.

### A. Compelling Witnesses to Testify at Trial

Federal Rule of Civil Procedure 45(c)(1) states the following:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. Pro. 45(c)(1). As stated in the JTPO, the witnesses are employed in New Jersey. (*See* Order Granting JPTO at 6, ECF No. 147). Plaintiff herself states that Defendant Tristar identified its corporate address in New Jersey for the witnesses. (Reply to Mot. Compel 4:18–5:2, ECF No. 186). Pursuant to FRCP 45(c)(1)(B), the Court cannot compel the witnesses to testify at trial—either in person or by video conference—because the witnesses do not reside in Nevada, are not employed in Nevada, and do not regularly transact business in Nevada. In other words, "[t]his Court is simply without the power to compel the witness to attend by means of a subpoena." *Blum v. Housewright*, 113 F.R.D. 676, 677 (D. Nev. 1987). The Court accordingly denies Plaintiff's request to compel the witnesses at trial.

### B. Amending the Joint Pretrial Order

Under Rule 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998); (*see also* Joint Pretrial Order 9:7–8, ECF No. 147) ("This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice."). "In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification" *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing *Byrd*, 137 F.3d at 1132).

After considering these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). The trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay. *Colvin v. United States*, 549 F.2d 1338, 1340 (9th Cir. 1977). In such a case, "[a]ny injustice resulting from exclusion . . . comes from [the defaulting party's] own failure properly to present his case." *Id*.

Here, the degree of prejudice to Defendants is significant because Defendants relied on the JPTO—which does not include the witnesses under Plaintiff's expected witnesses—in preparation for trial. Defendants notified Plaintiff of the potential issue with the JPTO as early as November 2020 and Plaintiff, in response, failed to remedy the issue. On August 18, 2020, the Court adopted the parties' proposed JPTO. (*See* Order Granting JPTO, ECF No. 121). In that JPTO, Plaintiff did not list Mr. Lozano and Ms. Hunton under "Section VIII(a): Plaintiff's

1   witnesses." (*Id*. at 6–7).  Plaintiff later attempted to provide additional pretrial disclosures

2   pursuant to Federal Rule of Civil Procedure 26(a)(3), indicating that she intended to call the

3   two witnesses in her case-in-chief.[2] (*See* Notice Pl.'s Pre-Trial Disclosures, ECF No. 137).

4   Defendants responded by filing an Objection to Plaintiff's Pre-Trial Disclosures for the specific

5   reason that "Plaintiff failed to identify [the witnesses] in the Pretrial Order." (*See* Defs.' Obj. to

6   Pl.'s Pretrial Disclosures at 2, ECF No. 145).  In February 2021, the parties again filed a

7   proposed JPTO, which did not include the witnesses under Plaintiff's section of expected

8   witnesses. (*See* Order Granting JPTO, ECF No. 147).  Plaintiff had at least seven months to file

9   a motion to amend the JPTO or otherwise, include the witnesses under "Section VIII(a):

10  Plaintiff's witnesses" in the February 2021 proposed JPTO.  Plaintiff, however, failed to

11  address Defendants' objection until now, a mere week before trial.  Defendants thus reasonably

12  relied upon the JPTO and assumption that Plaintiff did not intend to call the witnesses in her

13  case-in-chief.  Modifying the JPTO now will result in significant prejudice and surprise to

14  Defendants who previously notified Plaintiff of the missing witnesses on the JPTO.

15      Plaintiff also provides no justification for the delay in seeking an amendment to the

16  JPTO.  As stated above, Plaintiff was on notice as of November 2, 2020, that Defendants

17  objected to Plaintiff calling the witnesses in their case-in-chief.  In its Reply, Plaintiff provides

18  no explanation as to why she did not seek an amendment to the JPTO following Defendants'

19  objection in November 2020.  Because Plaintiff fails to explain the delay and modification

---

[2] The Court notes that Plaintiff defectively filed her pretrial disclosures as the form violated the Local Rules. As stated in the Local Rules, "[u]nless the discovery plan otherwise provides and the court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order." D. Nev. Local R. 26-1(b)(6).  The discovery order in this case reiterates, "[t]he disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order." (*See* Scheduling Order, ECF No. 13).  Plaintiff, in this case, filed additional pretrial disclosures after the Court adopted the proposed JPTO. (*See* Order Granting Joint Pretrial Order, ECF No. 121); (*see also* Notice of Pl.'s Pretrial Disclosures, ECF No. 137). Thus, the Court does not rely on Plaintiff's pretrial disclosures in its analysis.

would otherwise prejudice Defendants, the Court denies Plaintiff's request to amend the JPTO. *See Colvin*, 549 F.2d at 1340.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel, (ECF No. 161), is **DENIED**.

**DATED** this __2___ day of August, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT